IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**HSBC BANK USA, NATIONAL ASSOCIATION**,

    Plaintiff,

    v.

**JOHN L. ARNETT, JR.**,

    Defendant.

Case Number 3:10 CV 2306

Judge James G. Carr

REPORT AND RECOMMENDATION

Magistrate Judge James R. Knepp II

## Introduction

This case began as a foreclosure action filed by Plaintiff HSBC Bank USA, National Association (HSBC Bank) against Defendant John Arnett, Jr. in the Erie County, Ohio Court of Common Pleas. Defendant filed a class action counterclaim against Plaintiff and Litton Loan Servicing LP (Litton). Litton removed the case to this Court. Defendant has filed a Motion to remand the case to state court (Doc. 19), which Litton has opposed (Doc. 21).

This matter has been referred to the undersigned pursuant to Local Rule 72.2. For the reasons discussed below, the undersigned recommends the Motion be granted.

**Background**

The relevant facts are not in dispute. This case began as a foreclosure action filed by Plaintiff against Defendant in state court in April 2008. (Doc. 1-4). The state court entered default judgment against Defendant when he failed to respond to the Complaint. (Doc. 1-6, at 6-9). In April 2009, on Defendant's motion, the state court vacated the default judgment. (Doc. 1-6, at 11-13). The state court later permitted Defendant to file a belated answer with counterclaims. (Doc. 1-6, at 14). On September 2, 2010, Defendant filed an answer and counterclaims with allegations against both Plaintiff and additional counterclaim defendant, Litton. (Doc. 1-2). In his counterclaim, Defendant alleges – on behalf of himself and a putative class – that Litton engaged in wrongdoing in the servicing of mortgage loans.

On October 18, 2010, Litton removed the action from the state court to this Court, citing the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1332(d), 1453. (Doc. 1). In its notice of removal, Litton contended:

> Specifically, the Court has subject matter jurisdiction over this matter and this case is properly removed to this Court because, as more fully set forth below, pursuant to 28 U.S.C. § 1332(d): (i) the putative classes described in the Counterclaim Complaint consist of at least 100 proposed class members; (ii) the citizenship of at least one putative class member is different from that of the counterclaim defendants; and (iii) the aggregate amount placed in controversy by the claims of Arnett and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interest and costs, such that removal is proper under CAFA.

(Doc. 1, at 4-5). On November 8, 2010, Defendant filed the pending motion to remand. (Doc. 19).

**Discussion**

The dispute over whether remand is appropriate centers on whether an additional counterclaim defendant in a state suit may, under CAFA, remove the case to federal court.

2

Several courts – including this one – have addressed this issue.  All but one have concluded an additional counterclaim defendant *may not* remove.  *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008); *U.S. Bank Nat'l Ass'n v. Adams*, — F. Supp. 2d —, 2010 WL 3022445, *4 (N.D. Ohio); *Capital One Bank v. Jones*, 710 F. Supp. 2d 630, 633 (N.D. Ohio 2010); *Am. Gen. Fin. Servs. v. Griffin*, 685 F. Supp. 2d 729, 736 (N.D. Ohio 2010) ; *Wells Fargo Bank v. Gilleland*, 621 F. Supp. 2d 545, 548-49 (N.D. Ohio 2009). *Apex v. Contreras*, 2010 WL 4630274, *4 (C.D. Cal.); *Liberty Credit Servs v. Yonker*, 2010 WL 2639903, *4 (N.D. Ohio); *Citibank v. Duncan*, 2010 WL 379869, *3 (M.D. Ala.). The rationale of the courts ruling removal improper – which Defendant in this case adopts – is that nothing in the text of CAFA expands removal authority beyond *original* defendants to *counterclaim* defendants.

One court within this district has held – relying on the statutory language and the dissent in *Shorts*, 552 F.3d at 339-42 (Neimeyer, J., dissenting) – a counterclaim defendant *may* remove under CAFA.  *Deutsche Bank Nat'l Trust Co. v. Weickert*, 638 F. Supp. 2d 826, 829-30 (N.D. Ohio 2009). The rationale of *Weickert* and the dissent in *Shorts* – which Litton adopts – is that CAFA was meant to expand removal jurisdiction and the use of the word "any" in the statute expands the types of defendants who may remove to include additional counterclaim defendants**.**

*Statutory Text*

*Removal Generally*

The general removal statute, 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

3

The statute governing procedures for removal, 28 U.S.C. § 1446(a), generally provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Courts have held that under § 1441 – the general removal statute – only an *original* defendant may remove. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 103 (1941) (counterclaim defendant who was original plaintiff may not remove); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 463 (6th Cir. 2002) (third-party defendants may not remove). In *Curry*, the Sixth Circuit explained that the word "defendant" in § 1441 does not include third-party defendants, but only original defendants. 301 F.3d at 462 ("We hold that third-party defendants are not 'defendants' for purposes of § 1441(a)."). The court in *Curry* relied on *Shamrock Oil* and explained that although that case was not dispositive, "it does dictate that the phrase 'the defendant or the defendants,' as used in § 1441(a), be interpreted narrowly to refer to defendants in the traditional sense of *parties against whom the plaintiff asserts claims*." *Id.* (emphasis added).

### *Removal Under CAFA*

The statute at issue in this case, the removal provision of CAFA, 28 U.S.C. § 1453(b), provides:

> A class action may be removed to a district court of the United States in accordance with Section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the state in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

4

The dispute in the instant case centers on the words "any defendant" in § 1453(b). Litton contends that "any" means any party in the position of defendant, particularly when contrasted with the use of the word "the" in 28 U.S.C. § 1441(a). Defendant, on the other hand, contends the word "defendant" has a settled meaning – citing *Shamrock Oil* and *Curry* – and the word "any" only modifies the word "all" later in the sentence.

The Fourth Circuit held that "the use of the phrase 'any defendant' . . . does not grant removal power to additional counter-defendants." *Shorts*, 552 F.3d at 335-36. As this Court previously stated, the Fourth Circuit and other courts have interpreted the statute in the following way:

> The [CAFA removal] statute begins by stating that "[a] class action may be removed to a district court of the United States *in accordance with* § 1446. § 1453(b) (emphasis added). It then "eliminates at least three of the traditional limitations on removal":
>
>> (1) the rule that, in a diversity case, a defendant cannot remove a case from its home forum, § 1441(b); (2) the rule that a defendant cannot remove a diversity case once it has been pending in state court for more than a year, § 1446(b); and (3) the rule that all defendants must consent to removal, *Chicago Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).

*Adams*, 2010 WL 3022445, *3 (quoting *Shorts*, 552 F.3d at 331-32).

Regarding the statute's use of the word "any" before "defendant", the Fourth Circuit explained:

> The statute's use of the word "any" to modify "defendant" does not alter our conclusion that additional counter-defendants may not remove under § 1453(b) because the use of the word "any" cannot change the meaning of the word "defendant." Likewise, § 1453(b)'s second use of the phrase "any defendant," i.e., "such action may be removed by *any defendant* without the consent of all defendants," § 1453(b) (emphasis added), eliminates the judicially-recognized rule of unanimous consent for removal; the use of the word "any" juxtaposed with the

5

word "all" was intended to convey the idea of non-unanimity, not to alter the definition of the word "defendant."

*Shorts*, 552 F.3d at 335-36. The Seventh Circuit interpreted the statute similarly – albeit in the context of a case where the counterclaim defendant was the original defendant:

> It does not follow from the fact that the 2005 Act expands the set of removable cases that it must use "defendant" in a novel way. The statute employs time-tested legal language. If the drafters of the 2005 Act wanted to negate *Shamrock Oil*, they could have written "defendant (including a counterclaim defendant)" or "any party" (the phrase in 28 U.S.C. § 1452(a) for removal in bankruptcy proceedings). But they chose the unadorned word "defendant," a word with a settled meaning.
> . . .
> "Any" is inclusive, to be sure, but the word that it modifies remains "defendant" – which First Bank is not, under *Shamrock Oil*. "Any" appears twice. The function of the first "any" in § 1453(b) is to establish that § 1441(b), which provides that a home-state defendant can't remove a diversity suit, does not apply. (The context is: "without regard to whether any defendant is a citizen of the State in which the action is brought".) The function of the second "any" is to establish that a single defendant's preference for a federal forum prevails, notwithstanding *Martin*. (The context is: "except that such action may be removed by any defendant without the consent of all defendants".) Neither instance of the word "any" implies that "defendant" means something different in § 1441(b) and § 1453(b).

*First Bank v. DJL Props., LLC*, 598 F.3d 915, 917 (7th Cir. 2010). This reasoning has been adopted by many courts in the Northern District of Ohio, including Judge Carr. *See, e.g.*, *Adams*, 2010 WL 3022445, *3; *Jones*, 710 F. Supp. 2d at 633.

By contrast, the dissent in *Shorts* argued the words "any defendant" broadened the parties eligible to remove to include counterclaim defendants:

> I submit that § 1453(b), in authorizing removal "by any defendant," also expands removal authority beyond the limits of § 1441(a) so that it includes any defendant joined as an additional defendant to a counterclaim, as well as any counterclaim defendant. As the Supreme Court has repeatedly noted, "[r]ead naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.' " *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 128 S.Ct. 831, 835-36, 169 L.Ed.2d 680 (2008) (quoting *United States v. Gonzales*, 520 U.S. 1, 5, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997) (quoting Webster's Third New International

6

> Dictionary 97 (1976))). A counterclaim defendant is certainly a "kind" of defendant and falls easily within "indiscriminately of whatever kind" of defendant. The plain language of § 1453(b) thus gives AT & T, as a kind of defendant, authority to remove the class action in this case from state court to federal court.

*Shorts*, 552 F.3d at 339 (Niemeyer, J. dissenting); *see also Weickert*, 638 F. Supp. 2d at 829.

Although reading the word "any" expansively is intuitively appealing, as Judge Carr previously observed, the statutory structure resists this interpretation: "[T]he maxim that Congress intends to use the settled meaning of words is particularly true 'when [Congress] has shown elsewhere that it knows how to use a different word to extend the reach of removal statutes.'" *Adams*, 2010 WL 3022445, *2 (quoting *Jones*, 710 F. Supp. 2d at 633). Section 1453(b) references removal "'in accordance with section 1446' – which, under *Shamrock Oil* and *Curry*, does not allow removal by counterclaim defendant of any kind." *Jones*, 710 F. Supp. 2d at 633 ("It would be incoherent to read § 1453(b) to allow removal by counterclaim defendants according to the procedure of § 1446, which in turn does not allow them to remove at all."); *see also First Bank*, 598 F.3d at 917 (explaining that interpreting the word "defendant" differently in § 1441 and § 1453(b) "would make hash of Chapter 89, because § 1453(b) refers to § 1446; unless the word 'defendant' means the same thing in both sections, the removal provisions are incoherent"). Finally, in concluding that the words "the defendant or the defendants" should be interpreted narrowly in the context of § 1441, the Sixth Circuit in *Curry* compared "the use of more expansive terms in other removal statutes" such as the Title 28 provision which "grants removal power in bankruptcy cases to any 'party'". 301 F.3d at 463 (citing 28 U.S.C. § 1452(a)).

### *Congressional Intent*

Litton correctly contends that the legislative intent behind CAFA was "to open the doors of federal courts to many class actions that previously would not be removable." (Doc. 21, at 12).

However, as another court in this district succinctly explained: "this expansion was achieved, not by allowing removal by third-party defendants, crossclaim defendants, or counterclaim defendants, but by 'doing away with the nonaggregation rule and providing for minimal diversity.'" *Gilleland*, 621 F. Supp. 2d at 549 (quoting *Ford Motor Credit Co. v. Jones*, 2007 WL 2236618 (N.D. Ohio)); *see also Adams*, 2010 WL 3022445, *4 (quoting *Gilleland*). Therefore, that Congress intended to expand removal jurisdiction under CAFA and that its statutory language does not permit additional counterclaim defendants to remove are not mutually exclusive propositions. As courts have observed, quoting *Rodriguez v. United States*, 480 U.S. 522, 525-26 (1987): "[N]o legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the essence of legislative choice – and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law." *See Adams*, 2010 WL 3022445, *4; *Jones*, 710 F. Supp. 2d at 634; *see also Shorts*, 552 F.3d at 336 ("[A]lthough we are cognizant of the fact that Congress clearly wished to expand federal jurisdiction through CAFA, we also recognize that it is our duty, as a court of law, to interpret the statute as it was written, not to rewrite it as . . . Congress *could have* intended to write it."). Finally, as the Fourth Circuit noted: "If Congress intended to make the sweeping change in removal practice . . . by altering the near-canonical rule that only a 'defendant' may remove and that 'defendant' in the context of removal means only the original defendant, it should have plainly indicated that intent." *Shorts*, 552 F.3d at 336.

Although the Sixth Circuit has not ruled on whether an additional counterclaim defendant may remove, in denying review of the district court's remand order in *Capital One Bank v. Jones*,[1] the court explained:

> The district court's ruling is consistent with the decision of our sister circuit holding that CAFA does not authorize removal by an additional counterclaim defendant. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334-37 (4th Cir. 2008), *cert denied*, 129 S. Ct. 2826 (2009); *see also First Bank v. DJL Props., LLC*, 598 F.3d 915, 917-18 (7th Cir. 2010) (CAFA does not authorize removal by a counterclaim defendant); *Progressive W. Ins. Co. v. Preciado,* 479 F.3d 114, 1017-18 (9th Cir.) (same). In addition, the ruling is consistent with the body of law providing that the term "defendant" in the removal statutes is narrowly construed. *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 3131 U.S. 100 (1941); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002).
>
> Under the circumstances, we conclude that review of the order of remand is not warranted. Therefore, the petition for permission to appeal is **DENIED**.

*In re: Morgan & Pottinger, P.S.C.*, Case No. 10-0309, June 16, 2010 Order (6th Cir.).[2]

Litton's reading of the statute is not implausible, and this Court previously recognized that "Congress certainly could have been more clear". *Adams*, 2010 WL 3022445, *4. However, in light of the statutory text, the Sixth Circuit's ruling in *In re: Morgan & Pottinger, P.S.C.*, and the growing number of persuasive cases holding that an additional counterclaim defendant may *not* remove under CAFA, the undersigned believes remand is appropriate.

---

[1] Although remand orders are usually not appealable, CAFA specifically provides that "the court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action . . . ." 28 U.S.C. § 1453(c)(1).

[2] The Sixth Circuit accepted an appeal from the district court's decision denying remand in *Weickert*; however, that case was settled and dismissed before a decision. *Deutsche Bank Nat'l Trust Co. v. Weickert*, Case No. 09-4190, Order Granting Stipulation to Dismiss Case (6th Cir. Oct. 18, 2010). The Sixth Circuit has also denied review of decisions granting remand in two other cases from the Northern District of Ohio – *Gilleland* and *Griffin*. *See In re: Lerner, Sampson & Rothfuss*, Case No. 09-0311, Order (6th Cir. Sept. 28, 2009); *In re: Am. Gen. Fin., Inc.*, Case No. 10-0305, Order (6th Cir. June 23, 2010).

**Conclusion and Recommendation**

Following review of Defendant's Motion to Remand (Doc. 19), the briefing, and the applicable law, the undersigned recommends the motion be granted.

s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).